## KNOXVILLE IRON COMPANY *v.* SMITH.

### (*Knoxville.* October 8th, 1887.)

1. PAUPER OATH. *Before whom taken.*

   A pauper oath in lieu of prosecution bond is sufficient, though taken before the clerk of a court of this State other than that in which the suit is instituted.

   Code cited: §§ 3912, 4826 (M. & V.); §§ 3192, 4050 (T. & S.).
   Case cited and approved: Andrews *v.* Page, 2 Heis., 642.
   (See Campbell *v.* Boulten, 3 Bax., 354.)

2. CHARGE OF COURT. *Contributory negligence. Defeats recovery.*

   In an action by a convict against the penitentiary "lessees" for personal injuries sustained by him by the falling in of the roof of a coal mine in which he was confined at labor by them; if there is proof tending to show that defendants promulgated a general order, of which the plaintiff had knowledge, that convicts, on discovering a loose or dangerous roof, should immediately stop work and report the fact to the mining boss, and not return to work until it was propped and made safe, and that with knowledge of the dangerous roof plaintiff failed to report the fact, and continued work, and was thereby injured—it is error for the Court to refuse, on defendant's request, to charge that such negligence, if proved, would defeat plaintiff's right of recovery.

   (See Railroad Co. *v.* DeArmond, *post*, p. 73.)

3. SAME. *Same. Duress.*

   In such case, the plaintiff insisting upon duress, fear of punishment, etc., in explanation of his alleged negligence, it is proper that the Court should also charge the law applicable to this hypothesis.

---

### FROM KNOX.

---

Appeal in error from Circuit Court of Knox County. S. T. LOGAN, J.

W. L. Smith, a State convict, brought this suit in the Circuit Court of Knox County, against the lessees and sub-lessees of the State Penitentiary, for damages for personal injuries sustained by him while working under their control in a coal mine, by the falling in of the roof of the mine upon him. It is averred that the roof of the mine was permitted to become dangerous by defendant's negligence.

The suit was brought upon a pauper oath made before the Circuit Court Clerk of Greene County; and motion to dismiss, on the ground that this pauper oath was not made before the proper officer, was disallowed by the Circuit Judge. There was proof tending to show negligence on the part of plaintiff, the nature of which is shown in the opinion. The Circuit Judge refused to give in charge certain requests, set out in the opinion, bearing upon the question of plaintiff's contributory negligence. There was judgment below for plaintiff. The defendants appealed.

ANDREWS & THORNBURGH and WEBB & McCLUNG for Plaintiffs in Error.

INGERSOLL & COCKE for Smith.

TURNEY, C. J. It is assigned for error that the Court erred in refusing to dismiss the suit brought in Knox County—the oath in *forma pauperis* having been taken before the Clerk of the Circuit Court of Greene County.

The form of oath prescribed by statute is, "I, A. B.,

do solemnly swear that owing to my poverty I am not able to bear the expense of the action which I am about to commence," etc. T. & S. Code, § 3192.

There is no designation of the official before whom the oath is to be taken. Section 4050 authorizes "the Clerks of the several courts in this State to administer oaths and take affidavits in all cases in which the authority to administer such oath is not confined to some other officer."

We know of no statute, and have been referred to none, in any way qualifying the one cited, or restricting the taking of the pauper oath to the Clerk of the court in which the suit is brought.

The oath is a substitute for the bond ordinarily required of a plaintiff for the prosecution of his suit. If the plaintiff, a citizen of Greene County, had prepared a bond in that county, and had forwarded it to the Clerk of the court of Knox County, we suppose, there being no other objection, no one would insist the bond was insufficient, because not executed before or in the presence of the latter Clerk. If a plaintiff may give bondsmen who are residents of the State, and therefore within the jurisdiction of the court by reason of this bond, we are unable to see why the oath, which is the substitute for, and in lieu of, the bond, does not come within the rules applicable to bonds. To employ the language of Judge Deaderick, in *Andrews* v. *Page*, 2 Heis., 642: "We are unable to reconcile the doctrine of some of our cases upon this subject with sound principle; we

cannot see a substantial reason for discriminating
in favor of that class of our citizens who have
wealth and ability to bring their causes here upon
appeal bond, and against another who, from pov-
erty and misfortune, are unable to do so."

If the rich man may be allowed to execute his
bond in a different county to that in which he
must bring his action, why may not the pauper
have a like privilege in making his oath—the sub-
stitute for a bond?

The want of truth or sufficiency of the oath
can be as readily shown, whether made in the
one or the other county.

The statute having made no restriction or limi-
tation, we can make none. There was no error
in the Court refusing to dismiss.

The plaintiff, a convict to the penitentiary, was
a laborer in a coal mine. In his testimony he
says: "I saw Hightower" (whose duty it was to
see the roofs were propped), "and told him the
roof was unsafe; he said, I will have it propped,
and it was not but a few minutes until Bethel
was dead and I was crippled."

The testimony of several witnesses tends to
show that convicts were ordered, when they found
loose or dangerous roofs, to immediately stop work
and report to the mining boss, and not to return
to work until the danger was removed; that Smith
knew of the orders.

Plaintiff in error requested the Court to charge,
" If you find there was a general order of the

Knoxville Iron Company *v.* Smith.

owners of the mines that when a convict found a loose or dangerous roof in his room, he should immediately stop work, report the fact to the mining boss, and not go to work until the dangerous roof was propped or made safe, and this was made known to plaintiff, then it was his duty, on discovering that the roof of his room was unsafe, immediately to quit work and report the fact to the mining boss, and not work under the dangerous roof until it was propped or made safe, and his failure to do so was negligence, which would prevent his right to. recover from the defendant for any injury resulting to him therefrom." This was refused. The request was proper; a state of facts called for it.

The defendant in error insisting upon duress, fear of punishment, etc., the Court should at the same time have charged upon that hypothesis. For the error indicated the judgment is reversed and the cause remanded.

There was no error in granting a new trial on the first verdict. The testimony was conflicting, the Circuit Judge had the winesses before him, and we think the record sustains his action.

---

PAUPER OATH.—This opinion returns to the plain letter of the statute. It would seem to follow, necessarily, that *any* pauper oath for *any* purpose may be taken before any officer authorized to administer oaths, either in or out of the State; and that Davis *v.* Owens, 5 Sneed, 679 ; McPhatridge *v.* Gregg, 4 Cold., 324 ; and Graham *v.* Coldwell, 8 Bax., 69, so far as they seem to hold to the contrary, are overruled.