Nelson *v.* Fuld & Co.

NELSON *v.* FULD & Co.

(*Nashville.* January 3, 1891.)

ATTACHMENT. *Affidavit. Information and belief.*

Attachment should be quashed on motion for want of sufficient cause for its issuance, where the affidavit states no more than that the creditor "is informed and believes" that his debtor "has fraudulently disposed of, or is about fraudulently to dispose of his property," without averring as matter of fact that the debtor had made, or was about to make, such fraudulent disposition.

Case cited and overruled: Lester *v.* Cummings, 8 Hum., 384.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

JOHN RUHM & SON, WILKIN & CHAMBERLIN, and NATHAN COHN for Complainants.

M. & R. VAUGHN, BAXTER SMITH, and HILL & GRANBERY for Respondents.

SNODGRASS, J.    The complainant sued out in the Chancery Court an attachment which was levied

upon the goods of defendant. It issued upon allegation " that complainant is informed and believes that said Fuld & Co. have fraudulently disposed of or are about fraudulently to dispose of their property," and without averment that defendant company had done the one or was about to do the other.

On motion, the attachment was quashed by the Chancellor because the allegation referred to was not sufficient to authorize it. Final decree being rendered, complainant appealed, and assigned error upon the action indicated.

Such a statement of information and belief that a defendant was about to remove his property beyond the limits of the State, without an actual averment that the fact was so, was held good in *Lester* v. *Cummings*, 8 Hum., 384.

If that case stands, the decree is erroneous; if not, the decree is correct, and must be affirmed.

The Court is of opinion that the question was incorrectly determined in that case, and the majority of the Court thinks it should be overruled. There and here there was and is no averment that defendant had taken or was about to take any action authorizing an attachment. It was not averred there that defendant was about to remove his property from the State, or here that the defendant company had fraudulently disposed of property or was about to do so, even upon information and belief.

The statement is only that the information has

been had and the belief exists. If defendant should traverse the allegation by plea denying that complainant had any such information or belief, he would deny all that is averred, and manifestly make no issue. If no issue can be made by denying all that is stated, it is difficult to see how such statement is material. Again, it may be true that a complainant is informed and believes that a defendant is about fraudulently to dispose of property, but it could not be sufficient to sustain an attachment to show that he had such information and believed it without more, and if proving the allegation made could not sustain the attachment, the allegation is insufficient. Then, suppose an indictment for perjury upon the falsity of averment as to fraudulent conveyance is sought to be preferred. The averment is produced. It is not that there has been such a conveyance; it is only that complainant had such information and belief. No indictment would therefore lie, and, if it would, it would be defeated upon proof that defendant had heard the fact to be so and believed it. It cannot be pretended that such a statement is the equivalent of the averment of the fact upon information and belief, and the majority of the Court holds that it is not proper to longer force such a meaning upon it; and, the question being directly made, now determines such construction to be erroneous, and overrules the 8 Humphreys case.

I dissent, because, while as an original question I think the present the sounder view, the 8

Nelson *v.* Fuld & Co.

Humphreys case has been long followed and acquiesced in, and I deem it the proper policy not to disturb it.

The result is an affirmance of the decree, with costs.