PHIPPS *v.* BURNETT.

(*Nashville.*    February 4, 1896.)

1. PAUPER OATH.  *Administered by Justice of the Peace.*

   A pauper oath in lieu of prosecution bond for suit and attachment instituted in the Circuit Court, may be taken before a Justice of the Peace.  (*Post, pp. 175–177.*)

   Code construed: §§ 398, 3912 (M. & V.); §§ 343, 3192 (T. & S.).

   Case cited and approved: Knoxville Iron Co. *v.* Smith, 86 Tenn., 45.

   Case cited and overruled: Graham *v.* Caldwell, 8 Bax., 69.

2. ATTACHMENT.  *Affidavit.*

   An affidavit is sufficient which states the grounds for attachment to the best of affiant's knowledge and belief.  (*Post, p. 177.*)

   Case cited and approved: Bank *v.* Berry, 2 Hum., 443.

   Cited and distinguished: Nelson *v.* Fuld & Co., 89 Tenn., 466.

---

FROM GRUNDY.

---

Appeal in error from Circuit Court of Grundy County.  M. D. SMALLMAN, J.

J. K. P. PEARSON, for Phipps.

A. B. WOODARD for Burnett.

McALISTER, J.  The plaintiff sued the defendant in the Circuit Court of Grundy County to .recover

damages for breach of marriage contract. An an-
cillary attachment was at the same time sued out
and levied upon real estate and other property be-
longing to defendant. The original summons, as
well as the ancillary attachment, were both issued
by the Clerk of the Circuit Court of Grundy
County, but upon the pauper's oath, which was
taken and subscribed by the plaintiff before a Jus-
tice of the Peace of said county. The defendant
moved to quash the writ and discharge the attach-
ment, upon the ground that the oath prescribed for
poor persons should have been taken and subscribed
before the Clerk of the Circuit Court. It was
ruled by this Court in *Knoxville Iron Company* v.
*Smith*, 86 Tenn., 45, that a pauper oath in lieu of
prosecution bond is sufficient, though taken before
the Clerk of a Court of this State other than that
in which the suit is instituted. The form of oath
prescribed for poor persons is set out at § 3912
of M. & V. Code. As observed by Judge Turney
in the case last cited, viz.: ''There is no desig-
nation of the official before whom the oath is to
be taken. . . . The statute having made no
restriction or limitation, we can make none.'' Sec-
tion 398 of M. & V. Code provides, viz.: ''Every
Justice is a conservator of the peace in his county,
and has authority therein to administer oaths, when
required by law, unless the power is expressly in-
trusted to some other officer,'' etc. As already
seen, the power to administer and authenticate the

oath prescribed for poor persons has not been in-
trusted to any special officer, and it follows that it
is such an oath as may be made and subscribed
before a Justice of the Peace.   The Circuit Court
was, therefore, in error in holding that the pauper's
oath in this case was insufficient.   The case of
*Graham* v. *Caldwell,* 8 Bax., 69, so far as it is
in conflict with this holding, is overruled.

It was also assigned as a ground to discharge
the attachment that the affidavit upon which it was
issued recited that, "to the best of her knowledge
and belief, defendant . . . has fraudulently dis-
posed of his property, or is about to fraudulently dis-
pose of it, so that the ordinary process of law cannot
be served on it," without averring, as a matter of
fact, that he has made, or is about to make, such
fraudulent disposition.   It is claimed that the state-
ment in the affidavit means only that information
has been had and the belief exists.   The effort is
made to bring this case within the rule laid down
in *Nelson* v. *Fuld & Co.,* 89 Tenn., 466, where
the allegation was "that complainant is informed
and believes that said Fuld & Co. have fraudulently
disposed of, or are about fraudulently to dispose of,
their property."   In the present case, the allega-
tion is that to the best of her knowledge and be-
lief, which is entirely sufficient under the authorities.
*Bank* v. *Berry,* 2 Hum., 443.

For the errors indicated, the judgment is reversed,
and cause remanded.